Brandon C. Marx, Esq.
Law Office of Brandon C. Marx
PO Box 6171
Sitka, AK 99835
T: 907-747-7100
Em: marxlaw@sitkalawyer.com
    assistant@sitkalawyer.com
AK Bar No. 0309039
*Attorney for Plaintiff*

John W. Merriam
Law Office of John Merriam
4005 20th Ave West, Suite 110
Seattle, WA 98199
T: 206-729-5252
Em: John@merriam-maritimelaw.com
    assistant@merrima-maritimelaw.com
*Attorney for Plaintiff,* Pro Hac Vice, (Pending)

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| JAKE HECKERT,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>COREY POTTER, IN PERSONAM; THE F/V GAMBLER, OFFICIAL NUMBER ___, HER ENGINES, MACHINERY, APPURTENANCES AND CARGO, IN REM;<br><br>　　　　Defendants. | Case No.<br><br>IN ADMIRALTY<br><br>**SEAMAN'S COMPLAINT FOR MAINTENANCE – WAGES - CURE ALL WITHOUT PAYMENT OF COSTS, 28 U.S.C. § 1916** |

COMES NOW the plaintiff and complains of the defendants alleging upon information and belief as follows:

**SEAMAN'S COMPLAINT FOR MAINTENANCE – WAGES - CURE – ALL WITHOUT PAYMENT OF COSTS, 28 U.S.C. § 1916 - 1**
**CASE NO.**

**JOHN W. MERRIAM**
**4005 20th Avenue West, Suite 110**
**Seattle, Washington 98199**
**T (206) 729-5252 ♦ F (206) 729-1012**

Case 3:23-cv-00270-KFR    Document 1    Filed 11/30/23    Page 1 of 5

1. Plaintiff, Jake Heckert, brings and maintains this action pursuant to 28 U.S.C. § 1333, and the general maritime law.

2. Plaintiff is a resident of Oregon. The in personam defendant resides in Kodiak, Alaska.

3. Plaintiff is a seaman and a ward of this Court and elects to take advantage of the provisions of 28 U.S.C. § 1916 to proceed without prepayment of costs or fees.

4. Defendant herein, Corey Potter, is an individual at all times herein mentioned acting by and through his officers, agents, servants, employees and representatives and has a personal place of business or is doing business in the District of Alaska.

5. The F/V Gambler is a fishing vessel documented by the United States, official number _____. Said vessel has her home port in the District of Alaska or will be found in the District of Alaska during the pendency of this action. During all times herein mentioned, said vessel was owned or bareboat chartered by the defendant and was engaged in maritime commerce.

6. At all times herein mentioned, plaintiff was employed by the defendants as a member of the crew, in the service of said vessel and was at all times acting within the course and scope of his duties as deckhand in furtherance of the mission of said vessel.

7. On or about April 14, 2022 while said vessel was in navigable waters, plaintiff broke his leg, aboard the defendant vessel.

8. As a direct and proximate result of the foregoing, plaintiff was caused to and did incur reasonable charges for medical care and attention. Plaintiff does not know the reasonable value of said medical care and attention already rendered or to be rendered in the future and therefore, prays leave to amend this complaint to show the same.

SEAMAN'S COMPLAINT FOR MAINTENANCE – WAGES - CURE –
ALL WITHOUT PAYMENT OF COSTS, 28 U.S.C. § 1916 - 2
CASE NO.

JOHN W. MERRIAM
4005 20th Avenue West, Suite 110
Seattle, Washington 98199
T (206) 729-5252 ♦ F (206) 729-1012

Case 3:23-cv-00270-KFR    Document 1    Filed 11/30/23    Page 2 of 5

9. As a further result of the foregoing, plaintiff was rendered unable to engage in his normal and usual occupation for a period of time. Plaintiff may later be unable to engage in his normal and usual occupation and prays leave to amend this complaint to allege the full extent of said loss when the same is ascertained.

10. Plaintiff was paid no injury benefits whatsoever. The in personam defendant refused to give insurance information to plaintiff and improperly shifted the expense of plaintiff's medical treatment to the Alaska Fishermen's Fund.

11. Plaintiff demands maintenance from the defendants in a per diem amount to recuperate on land with room and board at least equal to that received on defendant's vessel, until the plaintiff reaches maximum cure or until the plaintiff is declared fit for duty, whichever last occurs. Plaintiff further demands the actual cost of cure until the plaintiff fully cured, and if never cured, plaintiff demands the cost of cure for the remainder of plaintiff's natural life.

12. Maintenance and cure has been demanded and not timely paid. The failure to pay maintenance and cure has caused additional damages to the plaintiff whether or not the failure to pay was reasonable under the circumstances. Plaintiff is entitled to compensatory damages – including contingent attorney fees – for the negligent failure to pay maintenance and cure. Plaintiff is entitled to reasonable attorney fees for the arbitrary and capricious failure to pay maintenance and cure. Plaintiff is entitled to punitive damages for the willful and wanton failure to pay maintenance and cure.

13. Plaintiff was evacuated from the vessel following his injury before the completion of the terms of his employment. Plaintiff is entitled to unearned wages (including bonuses and overtime) until the end of the contractual period. Said wages have been demanded and denied.

SEAMAN'S COMPLAINT FOR MAINTENANCE – WAGES - CURE – ALL WITHOUT PAYMENT OF COSTS, 28 U.S.C. § 1916 - 3
CASE NO.

JOHN W. MERRIAM
4005 20th Avenue West, Suite 110
Seattle, Washington 98199
T (206) 729-5252 ♦ F (206) 729-1012

Case 3:23-cv-00270-KFR    Document 1    Filed 11/30/23    Page 3 of 5

1 | Plaintiff is entitled to punitive damages under federal law for the unreasonable failure to pay
2 | unearned wages.

3 | 14. Upon plaintiff's evacuation from the vessel following his injury, his personal gear
4 | was left aboard. That personal gear has not been returned by defendant nor has plaintiff been
5 | compensated for the value of that gear.

WHEREFORE, plaintiff prays judgment against the defendants as follows:

1. For a declaration that the plaintiff holds claim to a preferred maritime lien against the defendant vessel, her engines, machinery, appurtenances and cargo;

2. For arrest, condemnation and sale of the defendant vessel including her engines, machinery, appurtenances and cargo;

3. For maintenance and cure, and for consequential and punitive damages for failure to pay same;

6. For unearned wages and punitive damages for failure to pay same;

7. For return of personal gear left aboard the vessel, or for compensation for the value thereof;

8. For prejudgment interest on all claims for the law provided;

9. For such other and further relief, including punitive damages, as is met and just in the circumstances.

SEAMAN'S COMPLAINT FOR MAINTENANCE – WAGES - CURE – ALL WITHOUT PAYMENT OF COSTS, 28 U.S.C. § 1916 - 4
CASE NO.

JOHN W. MERRIAM
4005 20th Avenue West, Suite 110
Seattle, Washington 98199
T (206) 729-5252 ♦ F (206) 729-1012

Case 3:23-cv-00270-KFR   Document 1   Filed 11/30/23   Page 4 of 5

1     Dated this 18th day of November, 2023.

2                               LAW OFFICE OF BRANDON MARX

By: */s/ Brandon C. Marx*
Brandon C. Marx, #0309039
PO Box 6171
Sitka, AK 99835
Telephone: (907) 747-7100
Fax: (907) 966-3100
Email: Marxlaw@sitkalawyer.com
         assistant@sitkalawyer.com
*Attorney for Plaintiff*

LAW OFFICE OF JOHN MERRIAM

By: */s/ John W. Merriam*
John W. Merriam, WSBA #12749
4005 20th Avenue West, Suite 110
Seattle, WA 98199
Telephone: (206) 729-5252
Fax: (206) 729-1012
Email: john@merriam-maritimelaw.com
*Attorney for Plaintiff,* Pro Hac Vice, (Pending)

I am the attorney for the plaintiff in this action and have knowledge of the matters asserted in the above complaint based upon information provided by the plaintiff.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the allegations of the above complaint are true and correct to the best of my knowledge and belief.

DATED at Sitka, AK this _30th___ day of November, 2023.

*/s/ Brandon C. Marx*
Brandon C. Marx

SEAMAN'S COMPLAINT FOR MAINTENANCE – WAGES - CURE – ALL WITHOUT PAYMENT OF COSTS, 28 U.S.C. § 1916 - 5
CASE NO.

JOHN W. MERRIAM
4005 20th Avenue West, Suite 110
Seattle, Washington 98199
T (206) 729-5252 ♦ F (206) 729-1012

Case 3:23-cv-00270-KFR     Document 1     Filed 11/30/23     Page 5 of 5